By the Court:

Jones, J.
The order denying the motion to open the alleged default must be affirmed. The papers presented a disputed question of fact, as to whether defendants suffered a default to be taken against them, or appeared and submitted the motion on the merits. The judge below decided this question of fact against the *625 defendants, holding that they appeared and submitted the motion on the merits. I see no cause to disturb such finding; in de,ed, I think it is correct.
The order amplifying the order appointing a receiver should be reversed.
That order is based on the alleged ground that the real estate described in the complaint belonged to the copartnership composed of William and John Gregory. Of this there was not the slightest evidence before the court. Whether it did belong to that copartnership or not, is distinctly put in issue by the pleadings ; and it devolved on the plaintiff to prove that it did. He offered no evidence whatever in support of his allegations.
It may be urged that the denials and allegations in the answer, that tins real estate did not belong to that copartnership or to any copartnership, are based on and incident to the principal denial of the existence of a copartnership between William and John, and that upon the falling of this principal denial by the verdict of the jury, the incidental denial, falls with it. The answer does not, however, expressly thus limit these denials; and, I think, they cannot be thus limited by implication merely. It may well be that although the firm did ex;ist, yet that no part of the real estate belonged to it. The defendants were entitled to put both matters in issue; the answer appears to have been framed to that end, and, I think, fully accomplishes it.
Reliance may also, perhaps, be placed in the following expression in Justice Hoffman’s opinion: “ But it is conceded that the profits are now exhibited in the real estate purchased.”
A statement of a fact contained in an opinion of a judge or a referee is not evidence either in favor of or against a party. To have that effect, it must be embodied as a decision in an order, judgment, or findings of fact.
But, even giving this expression weight as evidence, it does not determine how much or what part of the real estate mentioned in the complaint belonged to the partnership.
Ho costs of appeal to either party.
FrraiAn, J., dissented.